# HAFFNER v. BUTCHER.

No. 2628. Opinion Filed May 13, 1913.

(132 Pac. 346.)

**APPEAL AND ERROR — Verdict — Evidence.** Where the evidence reasonably tends to support the verdict, the judgment of the trial court will be affirmed.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by W. H. Butcher against A. H. Haffner. Judgment for plaintiff, and defendant brings error. Affirmed.

*Miller & Gray,* for plaintiff in error.
*Geo. J. Eacock* and *David N. Taylor,* for defendant in error.

TURNER, J.  On February 24, 1910, defendant in error, Butcher, was the owner of a stock of goods in Oklahoma City invoicing $1,040 and a coupon book worth $40.  Haffner, plaintiff in error, was the owner of a note not due for $1,000 secured by a mortgage on lots 3 and 4, block 20, in Granfield, Okla.  They traded property upon the strength of representations made by Haffner to Butcher (who knew nothing concerning the property), that upon said lots there was a brick store building worth about $3,500 or $4,000, which was malse, but which Butcher believed to be true. After the property traded for had changed hands, Butcher on March 3, 1910, discovered for the first time that they were vacant lots worth $50. On the next day he offered to rescind and demanded a return of his goods, and, upon being refused, brought this suit; Haffner giving bond and retaining the property.  There was trial to a jury and judgment for plaintiff, and defendant brings the case here.

Defendant says the verdict is not sustained by the evidence in that the same fails to disclose that Butcher offered to return his coupon book before suit.  On this point the court's charge, which is unexcepted to, reads:

"When a sale and delivery or exchange of property has been procured by false representations amounting to fraud, the vendor may insist that no title passed to merchandise; he may maintain replevin without any previous demand.  But he must restore or offer to restore to the other the whole of the consideration, whether money, goods, or security, received by way of consideration for the sale, which might be of any value to either party."

The evidence reasonably tends to support the verdict. On this point plaintiff testified, in substance, that after he discovered the fraud he went to defendant and offered to rescind, whereupon defendant answered, "He would not accept any proposition of that kind."  While it does not appear that plaintiff had the note and coupon book and mortgage then and there in hand extended to defendant, the jury found that this was a sufficient offer to return, which was rejected. As the evidence reasonably tends to support the verdict, we will not dis-

turb the same, especially as the evidence further discloses that later plaintiff with his counsel, before suit and with note and mortgage reassigned, offered the same to defendant and demanded a return of plaintiff's goods, which he declined to accept or to return the property.

As there is no merit in the remaining assignments, and feeling that substantial justice has been done, the judgment of the trial court is affirmed.

HAYES, C. J., and KANE and WILLIAMS, JJ., concur; DUNN J., absent and not participating.